UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| *Plaintiff,* | : | |
| v. | : | 10 Civ. 457 (GLS) |
| | : | (DRH) |
| | : | |
| McGINN, SMITH & CO., INC., | : | |
| McGINN, SMITH ADVISORS LLC, | : | |
| McGINN, SMITH CAPITAL HOLDINGS CORP., | : | |
| FIRST ADVISORY INCOME NOTES, LLC, | : | |
| FIRST EXCELSIOR INCOME NOTES, LLC, | : | |
| FIRST INDEPENDENT INCOME NOTES, LLC, | : | |
| THIRD ALBANY INCOME NOTES, LLC, | : | |
| TIMOTHY M. MCGINN, DAVID L. SMITH, | : | |
| LYNN A. SMITH, DAVID M. WOJESKI, Trustee of | : | |
| the David L. and Lynn A. Smith Irrevocable | : | |
| Trust U/A 8/04/04, GEOFFREY R. SMITH, | : | |
| LAUREN T. SMITH, and NANCY MCGINN, | : | |
| | : | |
| *Defendants, and* | : | |
| LYNN A. SMITH, and | : | |
| NANCY MCGINN, | : | |
| | : | |
| *Relief Defendants and*: | | |
| DAVID M. WOJESKI, Trustee of the | : | |
| David L. and Lynn A. Smith Irrevocable | : | |
| Trust U/A 0/04/04, | : | |
| | : | |
| *Intervenor.* | : | |

_____:

**FIRST INTERIM APPLICATION OF PHILLIPS LYTLE LLP
AND THE RECEIVER FOR ALLOWANCE OF
<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Phillips Lytle LLP ("Phillips Lytle") submits this application ("Fee Application")

for allowance of interim compensation and reimbursement of expenses pursuant to Section XIV

of this Court's Preliminary Injunction Order (Docket No. 96).  Attached as **Exhibit A** is the

Declaration of William J. Brown, Esq. in support of the Fee Application.  Phillips Lytle

respectfully represents as follows:

### INTRODUCTION

1.      The Securities and Exchange Commission ("SEC") commenced an action

against McGinn Smith & Co., Inc., et al.[1] in the United States District Court for the Northern

District of New York on April 20, 2010 wherein William J. Brown, Esq. was appointed as

temporary Receiver for certain of the defendants and other entities in the action ("Receiver")

(Docket No. 5).  The SEC's Complaint was subsequently amended (Docket No. 100), and the

Preliminary Injunction Order was entered on July 22, 2010 appointing William J. Brown as the

permanent Receiver.

2.      During the period from April 2010 to July 31, 2010 ("First Interim

Period"), Phillips Lytle performed extensive legal services for the Receiver, and the Receiver

performed extensive non-legal or quasi-legal functions, which are each more particularly

described below and itemized in the detailed time and disbursement records attached as

**Exhibit B**.

3.      As a public service discount, the legal fees incurred in this case are being

performed with a current 7.5% discount on the hourly rates of Phillips Lytle pursuant to a prior

agreement with the SEC.  Similarly, the Receiver's hourly rate for this engagement is $225 per

hour rather than his current $425 per hour, again per prior agreement with the SEC.

---

[1] The defendants (collectively, "McGinn Smith Entities") are the following: McGinn, Smith & Co., Inc., McGinn, Smith Advisors LLC, McGinn, Smith Capital Holdings Corp., First Advisory Income Notes, LLC, First Excelsior Income Notes, LLC, First Independent Income Notes, LLC, Third Albany Income Notes, LLC, Timothy M. McGinn, David L. Smith and Lynn A. Smith.

## COMPENSATION FOR LEGAL SERVICES

4.      The legal services rendered by Phillips Lytle during the First Interim Period have been categorized into eighteen (18) separate categories (Categories A through R), as described below:

A.      Asset Analysis and Recovery

No services were charged to or rendered by Phillips Lytle in Category A during the First Interim Period.

B.      Claims Administration and Objections

No services were charged to or rendered by Phillips Lytle in Category B during the First Interim Period.

C.      Asset Disposition

No services were charged to or rendered by Phillips Lytle in Category C during the First Interim Period.

D.      Business Operations

No services were charged to or rendered by Phillips Lytle in Category D during the First Interim Period.

E.      Case Administration

Category E is a "catch all" category consisting of services performed by Phillips Lytle in connection with this Case and primarily consists of services performed which do not fit within one of the other 17 specific categories.

During this time period, this category consists of essentially all of the initial work for the Receiver and his professionals to handle the legal affairs with which they were initially confronted given the initial 82 estates which were placed into receivership by this Court's initial

Order to Show Cause (Docket No. 5).  The detailed descriptions attached include preliminary telephone conferences with the SEC, assembling a staff of legal professionals to be present on site on the first day and the following weeks to identify personnel, their roles, immediate legal and business concerns, conduct the business affairs of the Receivership entities, taking calls from Receivership entities which were not located on site in Albany, contacting financial institutions to arrange for control and monitoring and release of funds as necessary to continue business operations not only at Receivership Entities conducting business in Albany but also in Louisiana and Florida.

The Receiver and his counsel also had to arrange for the prompt filing of the Receivership Order in multiple federal jurisdictions across the county in order to implement the Receivership Order and protect property of the estates.  Thereafter, the Receiver and his counsel met or spoke with multiple parties including investors, lenders, borrowers and the individual defendants to learn about the estates and immediate problems and needs.

The immediate concerns included a pending termination and potential forfeiture of a sizeable deposit with Carnival Cruise Lines, multiple FINRA proceedings which required extensive time to understand and arrange for imposition of the Court's stay, settlement conferences with Carnival Cruise Line and the return of monies to the estate, correspondence with potential litigants, meetings with employees and staff, communications with investors, and learning of background facts including the relationship to Pine Street.

The descriptions reveal ongoing communications with various financial institutions, mortgagees, the SEC, security providers, and preparations and responses to discovery requests for the then upcoming preliminary injunction hearing and communications with counsel for the other defendants regarding the same.

The work continued with an analysis of immediate claims which might be brought, the commencement of one such claim, and attendance at the preliminary injunction hearing.

In rendering the services in Category E, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $125,456.00, plus $13,114.35 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 116.20 | 425.00 | 49,385.00 |
| James J. Contino | 0.20 | 365.00 | 73.00 |
| Richard E. Honen | 0.50 | 350.00 | 175.00 |
| Paul K. Stecker | 1.00 | 355.00 | 355.00 |
| Sharon L. Wick | 0.40 | 325.00 | 130.00 |
| Benjamin M. Farber | 1.50 | 270.00 | 405.00 |
| Chad W. Flansburg | 6.20 | 225.00 | 1,395.00 |
| Joshua P. Fleury | 14.10 | 180.00 | 2,538.00 |
| Marc H. Goldberg | 14.70 | 295.00 | 4,336.50 |
| Allan L. Hill | 86.20 | 340.00 | 29,308.00 |
| Kelly E. Marks | 9.30 | 215.00 | 1,999.50 |
| Todd A. Ritschdorff | 112.40 | 205.00 | 23,042.00 |
| Cynthia L. Thompson | 3.80 | 190.00 | 722.00 |
| Amanda J. Blidy (P) | 88.10 | 125.00 | 11,012.50 |
| Amy K. Carter (P) | 2.30 | 130.00 | 299.00 |
| Karen A. Kawczynski (P) | 1.40 | 135.00 | 189.00 |
| Stacy E. O'Brien (P) | 0.40 | 180.00 | 72.00 |
| Tracy L. Whitford | 0.30 | 65.00 | 19.50 |

F.      Employee Benefits/Pensions

Category F consists of services related to human resource issues including employee termination and benefits including health care, pensions, unemployment, and COBRA issues.

In rendering the services in Category F, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $9,774.00, and no disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Raymond H. Barr | 1.00 | 360.00 | 360.00 |
| Mark E. Brand | 5.60 | 350.00 | 1,960.00 |
| James R. Grasso | 8.60 | 310.00 | 2,666.00 |
| Gary F. Kotaska | 7.70 | 360.00 | 2,772.00 |
| Sarah K. Ranni | 9.60 | 210.00 | 2,016.00 |

G.      Fee/Employment Applications

No services were charged to or rendered by Phillips Lytle in Category G during the First Interim Period.

H.      Fee/Employment Objections

No services were charged to or rendered by Phillips Lytle in Category H during the First Interim Period.

I.      Accounting/Auditing

No services were charged to or rendered by Phillips Lytle in Category I during the First Interim Period.

J.      Business Analysis

No services were charged to or rendered by Phillips Lytle in Category J during the First Interim Period.

K.      Corporate Finance

No services were charged to or rendered by Phillips Lytle in Category K during the First Interim Period.

L.      Data Analysis

No services were charged to or rendered by Phillips Lytle in Category L during the First Interim Period.

M.      Status Reports

No services were charged to or rendered by Phillips Lytle in Category M during the First Interim Period.

N.      Litigation Consulting

No services were charged to or rendered by Phillips Lytle in Category N during the First Interim Period.

O.      Forensic Accounting

No services were charged to or rendered by Phillips Lytle in Category O during the First Interim Period.

P.      Tax Issues

No services were charged to or rendered by Phillips Lytle in Category P during the First Interim Period.

Q.      Valuation

No services were charged to or rendered by Phillips Lytle in Category Q during the First Interim Period.

R.      William J. Brown, as Receiver Function

Category R consists of services related to the function of William J. Brown, as Receiver in his capacity as Receiver.  These services, per prior agreement with the SEC, are rendered at $225 per hour.  Thus, while the accrued amount would otherwise be $91,545, the amount to be billed will be $49,365.  All of the Receiver's travel time is charged to this category

and thus is at a substantially reduced rate.  Travel time is also charged at one-half of the total time travelled unless work associated with these estates is being conducted at that time.

In rendering the services in Category R, the Receiver expended the time represented below at the hourly rates represented below for a total value of $91,545.00, plus $6,529.87 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| William J. Brown | 219.40 | 417.25 | 91,545.00 (to be billed and paid at $49,365) |

## REIMBURSEMENT OF EXPENSES

5.      Photocopies made by Phillips Lytle are billed by Phillips Lytle at $.10 per page, which is based upon Phillips Lytle's costs.  Telefax charges are $1.00 per page for outgoing documents, with no charge for incoming documents.  Long distance telephone charges and overnight courier charges are billed at cost.  Overnight courier charges are incurred only when necessary as determined by either the Receiver or Phillips Lytle.

6.      Phillips Lytle incurred out-of-pocket expenses for secretarial overtime in connection with this case.  These amounts have been written off and no claim for reimbursement of such expenses is being sought herein.

## PARTICULAR EXPENDITURES

During the First Interim Period, there have been instances where substantial disbursement expenses have been incurred by Phillips Lytle in connection with the legal services provided by Phillips Lytle to the Receiver.  Although these expenditures are listed on the various billing statements included as Exhibit B, one deserves a more detailed explanation to justify the amount of the expenditure.  There are substantial overnight courier charges to

- 8 -

various courts and county clerks which represent courier packages containing the Order to Show Cause so as to implement the authority of the Receiver and protect real property assets which were believed to exist in those jurisdictions or locations.  Because a page was missing from the Court's original Order to Show Cause as filed, those courier packages needed to be resent at a later date when that omission was identified by the Receiver's legal counsel.

## CONCLUSION

7.　　All of the services for which Phillips Lytle now seeks compensation were performed on behalf of the Receiver.  No services were performed by Phillips Lytle in any capacity other than as counsel to the Receiver.

8.　　Phillips Lytle has provided the SEC with copies of Phillips Lytle's and the Receiver's billing statements attached as Exhibit B.  As of this date, Phillips Lytle and the Receiver do not believe that the SEC has any objection to the amounts sought by Phillips Lytle or the Receiver pursuant to this Fee Application.

9.　　As the record in this action clearly indicates, Phillips Lytle has worked persistently and efficiently during the First Interim Period to handle various issues for the Receiver, the resolution of which will, to varying degrees, enhance the fair and equitable distribution of the McGinn Smith Entities' proceeds to its creditors.  This action has mandated a considerable expenditure of Phillips Lytle resources.

10.　　Based upon the foregoing, Phillips Lytle and the Receiver represent that they are entitled to the interim compensation and reimbursement of expenses sought herein.

11.　　Phillips Lytle and the Receiver believe that this Fee Application substantially complies with the substantive requirements of the guidelines for fee applications adopted by the SEC.

## NOTICE

12.    Notice of this Fee Application is being served on the SEC and all parties who have filed a Notice of Appearance in this action.  Additionally, it has been posted on the Receiver's website (www.mcginnsmithreceiver.com) for all investors and creditors to see. Phillips Lytle and the Receiver submit that no other or further notice need be given.

WHEREFORE, Phillips Lytle and the Receiver respectfully request that this Court enter an order allowing and approving Phillips Lytle's and the Receiver's Application for (i) interim compensation in the amount of $174,452.75 , and reimbursement of expenses in the amount of $19,644.22, for a total of $194,096.97 for the period of April 2010 through July 31, 2010; and (ii) granting such other and further relief as is just and proper.

Dated:  November 24, 2010

PHILLIPS LYTLE  LLP


By_____/s/ William J. Brown_____
        William J. Brown (Bar Roll #601330)
        Todd A. Ritschdorff  (Bar Roll #512601)
Counsel for Receiver
Omni Plaza
30 South Pearl Street
Albany, New York 12207
Telephone No. (518) 472-1224

and

3400 HSBC Center
Buffalo, New York 14203
Telephone No.:   (716) 847-8400

Doc # 01-2385505.2