# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| *Plaintiff,* | : | |
| v. | : | 10 Civ. 457 (GLS) |
| | : | (DRH) |
| | : | |
| McGINN, SMITH & CO., INC., | : | |
| McGINN, SMITH ADVISORS LLC, | : | |
| McGINN, SMITH CAPITAL HOLDINGS CORP., | : | |
| FIRST ADVISORY INCOME NOTES, LLC, | : | |
| FIRST EXCELSIOR INCOME NOTES, LLC, | : | |
| FIRST INDEPENDENT INCOME NOTES, LLC, | : | |
| THIRD ALBANY INCOME NOTES, LLC, | : | |
| TIMOTHY M. MCGINN, DAVID L. SMITH, | : | |
| LYNN A. SMITH, DAVID M. WOJESKI, Trustee of | : | |
| the David L. and Lynn A. Smith Irrevocable | : | |
| Trust U/A 8/04/04, GEOFFREY R. SMITH, | : | |
| LAUREN T. SMITH, and NANCY MCGINN, | : | |
| | : | |
| *Defendants, and* | : | |
| LYNN A. SMITH, and | : | |
| NANCY MCGINN, | : | |
| | : | |
| *Relief Defendants and*: | | |
| DAVID M. WOJESKI, Trustee of the | : | |
| David L. and Lynn A. Smith Irrevocable | : | |
| Trust U/A 0/04/04, | : | |
| | : | |
| *Intervenor.* | : | |

_____

**DECLARATION OF WILLIAM J. BROWN IN SUPPORT OF FIRST INTERIM
APPLICATION OF PHILLIPS LYTLE LLP AND THE RECEIVER FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Pursuant to 28 U.S.C. § 1746, William J. Brown declares, under penalty of

perjury, as follows:

1.    I am a partner with the law firm of Phillips Lytle LLP ("Phillips Lytle") and am also the Receiver ("Receiver") appointed in this action for certain of the Defendants and other entities.

2.    I make this declaration in support of the First Interim Application of Phillips Lytle and of the Receiver for Allowance of Compensation and Reimbursement of Expenses ("Application") in connection with Phillips Lytle's representation of the Receiver in this Case and the Receiver's services.

3.    I have reviewed the Application and, to the best of my knowledge, information and belief, the facts set forth therein are true and correct.

4.    The billing rates being charged by Phillips Lytle in connection with the Application are those which were customarily charged by Phillips Lytle during the time periods in question and are comparable to those charged by other firms of comparable size and experience in this geographic area for the prosecution of matters similar to this Case.  Pursuant to prior agreement, in my capacity as Receiver, I agreed to charge an hourly rate of $225 rather than my current hourly rate of $425.

5.    The compensation and reimbursement of expenses ("Interim Compensation") for which allowance is sought by Phillips Lytle and the Receiver is reasonable and is sought for actual and necessary services rendered by Phillips Lytle and the Receiver, together with actual and necessary expenses advanced by Phillips Lytle, on behalf of the Receivership entities.

6.    The Interim Compensation sought by Phillips Lytle and the Receiver is based upon the nature, the extent and the value of the services rendered.  These matters are detailed more particularly in the time itemizations attached to the Application as Exhibit B.

7.      Phillips Lytle and the Receiver believe they are entitled to Interim Compensation based on the considerable expenditures of Phillips Lytle and Receiver resources incurred since the onset of this action.

8.      Phillips Lytle and the Receiver have no agreement with any other person or entity for the sharing of compensation to be received for legal or other services rendered in this action, except as such compensation may be shared by and among the attorneys of Phillips Lytle.

Phillips Lytle and the Receiver respectfully request that this Court authorize the allowance of the Interim Compensation sought pursuant to the Application.

Dated:  November 24, 2010

/s/ William J. Brown
William J. Brown

Doc # 01-2386344.2

- 3 -