UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| *Plaintiff,* | : | |
| v. | : | 10 Civ. 457 (GLS) |
| | : | (DRH) |
| | : | |
| McGINN, SMITH & CO., INC., | : | |
| McGINN, SMITH ADVISORS LLC, | : | |
| McGINN, SMITH CAPITAL HOLDINGS CORP., | : | |
| FIRST ADVISORY INCOME NOTES, LLC, | : | |
| FIRST EXCELSIOR INCOME NOTES, LLC, | : | |
| FIRST INDEPENDENT INCOME NOTES, LLC, | : | |
| THIRD ALBANY INCOME NOTES, LLC, | : | |
| TIMOTHY M. MCGINN, DAVID L. SMITH, | : | |
| LYNN A. SMITH, DAVID M. WOJESKI, Trustee of | : | |
| the David L. and Lynn A. Smith Irrevocable | : | |
| Trust U/A 8/04/04, GEOFFREY R. SMITH, | : | |
| LAUREN T. SMITH, and NANCY MCGINN, | : | |
| | : | |
| *Defendants, and* | : | |
| LYNN A. SMITH, and | : | |
| NANCY MCGINN, | : | |
| | : | |
| *Relief Defendants and*: | | |
| DAVID M. WOJESKI, Trustee of the | : | |
| David L. and Lynn A. Smith Irrevocable | : | |
| Trust U/A 0/04/04, | : | |
| | : | |
| *Intervenor.* | : | |

_____:

### FIRST INTERIM APPLICATION OF CHAIMPOU TRAVIS BESAW & KERSHNER LLP FOR APPROVAL OF FEES AND EXPENSES

Chiampou Travis Besaw & Kershner LLP ("Chiampou"), accountants for

William J. Brown, as Receiver, submits this application ("Application") for an order approving

interim fees and expenses pursuant to Section XIV of this Court's Preliminary Injunction Order

(Docket No. 96) for the period from April 25, 2010 through February 26, 2011 ("Application Period"). In support of this Application, Chiampou respectfully represents:

1.    The Securities and Exchange Commission ("SEC") commenced an action against McGinn Smith & Co., Inc., et al.[1] in the United States District Court for the Northern District of New York on April 20, 2010 wherein William J. Brown, Esq. was appointed as temporary Receiver for certain of the defendants and other entities in the action ("Receiver") (Docket No. 5). The SEC's Complaint was subsequently amended (Docket No. 100), and the Preliminary Injunction Order was entered on July 22, 2010 appointing William J. Brown as the permanent Receiver.

2.    Prior to the Petition Date, Chiampou did not provide accounting or tax services to McGinn Smith. Chiampou was selected by the Receiver following due diligence and interviews with several accounting and tax preparation firms.

3.    Based on Chiampou's expertise and the Declaration of Stephen R. Brady dated March 28, 2011, a copy of which is attached to this Application as **Exhibit A**, Chiampou was retained by the Receiver to provide primarily tax but also some minimal accounting and consulting services on behalf of the Receiver.

4.    Specifically, Chiampou was retained to prepare the necessary tax and information returns needed to be filed by the Receivership.

5.    Chiampou commenced its post-petition services to the Receiver in May 2010 in connection with advice on accounting and bank account procedures and thereafter has worked preparing 2008, 2009 and 2010 taxes throughout the Application Period. As of March 25, 2010, Chiampou has prepared 32 federal, 35 state and other municipality tax returns

---

[1] The defendants (collectively, "McGinn Smith Entities") are the following: McGinn, Smith & Co., Inc., McGinn, Smith Advisors LLC, McGinn, Smith Capital Holdings Corp., First Advisory Income Notes, LLC, First Excelsior Income Notes, LLC, First Independent Income Notes, LLC and Third Albany Income Notes, LLC.

plus 12 extension requests and other filings.  Chiampou has also assisted the Receiver in some minor tax disputes with New York State.

6.      All services for which compensation is sought herein were rendered by Chiampou to the Receiver solely in connection with this action and not on behalf of the creditors, individual equity holders or other person.

7.      Prior to the period covered by this Application, Chiampou neither made an application nor received prior allowances for compensation or expense reimbursement for professional services provided in conjunction with this action.

8.      During the Application Period, Chiampou received no payment or promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this action, and there is no agreement or understanding between Chiampou and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this action.

9.      Chiampou performed its responsibilities in a cost-effective manner commensurate with providing the high quality professional advice required by the Receiver.

10.      Chiampou's professional fees and expenses are set forth by day, professional, and task in the summary attached as **Exhibit B**.

11.      Chiampou maintains records of the time expended by person as well as the actual out-of-pocket expenses incurred.  Chiampou prepared and rendered this fee application describing activities performed by day by professional.

12.      Upon Chiampou's knowledge and belief, the compensation sought for approval herein is commensurate with the customary compensation charged by comparably

skilled accountants . The hourly fees charged to clients are dependent upon the experience of the individuals assigned to the engagement.

13.    The amounts requested by Chiampou are fair and reasonable given: (a) the complexity of the case; (b) the actual time expended; (c) the nature and extent of services rendered; and (d) the value of such services.

14.    Chiampou believes this request for compensation is justified given the complexity of this case and the commensurate value of Chiampou's professional fees for the Application Period.

15.    Chiampou accordingly makes this Application to the Court for compensation.

**NOTICE**

16.    Notice of this Fee Application is being served on the SEC and all parties who have filed a Notice of Appearance in this action. Additionally, it has been posted on the Receiver's website (www.mcginnsmithreceiver.com) for all investors and creditors to see. The Receiver submits that no other or further notice need be given.

WHEREFORE, Chiampou respectfully requests compensation of $56,515.66 in fees and $433.36 in expenses, for a total of $56,949.02 for the Application Period.

PHILLIPS LYTLE  LLP


By    /s/ William J. Brown
          William J. Brown (Bar Roll #601330)
          Todd A. Ritschdorff  (Bar Roll #512601)
     Counsel for Receiver
     Omni Plaza
     30 South Pearl Street
     Albany, New York 12207
     Telephone No. (518) 472-1224

     and

     3400 HSBC Center
     Buffalo, New York 14203
     Telephone No.:   (716) 847-8400

Doc # 01-2453508.1