UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | :    10 Civ. 457 (GLS/DRH) |
| | : |
| McGINN, SMITH & CO., INC., | : |
| McGINN, SMITH ADVISORS, LLC, | : |
| McGINN, SMITH CAPITAL HOLDINGS CORP., | : |
| FIRST ADVISORY INCOME NOTES, LLC, | : |
| FIRST EXCELSIOR INCOME NOTES, LLC, | : |
| FIRST INDEPENDENT INCOME NOTES, LLC, | : |
| THIRD ALBANY INCOME NOTES, LLC, | : |
| TIMOTHY M. MCGINN, DAVID L. SMITH, | : |
| LYNN A. SMITH, GEOFFREY R. SMITH, | : |
| Individually and as Trustee of | : |
| the David L. and Lynn A. Smith Irrevocable | : |
| Trust U/A 8/04/04, | : |
| LAUREN T. SMITH, and NANCY MCGINN, | : |
| | : |
| *Defendants,* | : |
| | : |
| LYNN A. SMITH, and | : |
| NANCY MCGINN, | : |
| | : |
| *Relief Defendants.* | : |
| | : |

---

## ORDER DIRECTING PAYMENT OF MONEY TO RECEIVER

WHEREAS, on July 20, 2011, the Court issued a Memorandum-Decision and Order
("MDO") finding that the clear and convincing evidence presented by the SEC demonstrated that
Lynn A. Smith ("L. Smith"), Jill Dunn ("Dunn") and David Wojeski ("Wojeski") acted with
subjective bad faith in failing to disclose the existence of an Annuity Agreement;

WHEREAS, the MDO granted the SEC's motion for sanctions and ordered that on or
before September 1, 2011, L. Smith shall disgorge to William J. Brown, the Court-appointed

Receiver (the "Receiver"), $944,848, jointly and severally with the obligations of Dunn and Wojeski to disgorge, respectively, $5,355 and $13,834;

WHEREAS, Dunn and Wojeski have satisfied their disgorgement obligations under the MDO, reducing the disgorgement amount owed by L. Smith to $925,659;

WHEREAS, L. Smith has failed to pay any of the $925,659 in disgorgement;

NOW, THEREFORE,

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that L. Smith is liable for disgorgement of $925,659, with interest pursuant to 28 U.S.C. § 1961 from September 1, 2011. L. Smith shall satisfy this obligation by paying $925,659 to the Receiver, William Brown, together with a cover letter identifying L. Smith as a defendant/relief defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. L. Smith shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. L. Smith shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961 from September 1, 2011.

The Receiver shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. The Commission or the Receiver may enforce the Court's judgment for disgorgement and interest by moving for civil contempt (and/or through other collection procedures authorized by law). In response to any such civil contempt motion by the Commission or the Receiver, L. Smith may assert any legally permissible defense.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order and

for all other purposes.

Dated: ~~September~~ Oct. 6, __, 2011
          Albany, New York

UNITED STATES MAGISTRATE JUDGE