UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

v.

McGINN, SMITH & CO., INC., et al.,

                      Defendants.
------------------------------------------------------------

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 15 2012

LAWRENCE K. BAERMAN, CLERK
ALBANY

No. 10-CV-457
(GLS/CFH)

## MEMORANDUM-DECISION AND ORDER

Defendant David L. Smith previously moved for an order releasing funds from the asset freeze ordered in this case to permit payment of attorney's fees and costs in a related criminal action and, in a decision dated April 4, 2012, the motion was granted in major part. Dkt. No. 478; see also S.E.C. v. McGinn, No. 10-CV-457 (GLS/DRH), 2012 WL 1142516 (N.D.N.Y. April 4, 2012). Defendant David Smith later moved to amend the asset freeze order to permit funds from a life insurance trust to be released for attorney's fees and costs in the criminal case and, in a decision filed June 20, 2012, the motion was granted. Dkt. No. 501. The Decision and Order further provided that counsel for Defendant Smith may apply, ex parte and in camera for the payment of attorney's fees and costs in accordance with the procedures for the award of costs and fees under 42 U.S.C. § 1988, with such application to be filed in the docket of this case under seal. Dkt. No. 501.

On September 25, 2012 the attorneys for Defendant David Smith submitted their First Application for Attorney's Fees and Costs under seal for this Court's in camera review with respect to his criminal case, United States v. McGinn et. al., No. 12-CR-28 (DNH).

## I. Background

Familiarity is assumed with the prior decisions and proceedings in this action.

## II. Attorney's Fees

Notwithstanding the parties' agreement regarding attorney's fees and costs, the Court must determine whether the fees requested are reasonable. Salazar-Martinez v. Fowler Bros., Inc., No. 10-CV-6257, 2012 WL 4062582, at *1 (W.D.N.Y. Sept. 14, 2012). The Second Circuit has held that "the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a presumptively reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (internal quotation marks omitted). The reasonable hourly rate is, generally, the hourly rate charged by attorneys in the district in which the litigation is brought. Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).

The Court has reviewed the contemporaneous time records of the attorneys involved in this matter, and their hourly rates, and finds that the hours expended and hourly billing rates, were reasonable for a case of this complexity.

## III. Conclusion

For the reasons stated above, it is hereby:

1. **ORDERED**, that Dreyer Boyajian LLP's First Application for compensation for legal services rendered between February 2, 2011 and September 25, 2012 in the amount of $ 68,851.50 is approved; and

2. **ORDERED**, that the application by Dreyer Boyajian LLP for reimbursement of costs expended between February 2, 2011 and September 25, 2012 in the amount of $ 1,532.63 is approved; and

3. **ORDERED**, that Dreyer Boyjian LLP may make further applications as deemed appropriate; and

4. **ORDERED**, that Dreyer Boyajian LLP is authorized to make the payments allowed pursuant to this Order.

**SO ORDERED.**

Dated: October 15, 2012
Albany, NY

Christian F. Hummel
U.S. Magistrate Judge