U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

NOV 1 3 2012

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

            v.                                            No. 10-CV-457
                                                           (GLS/CFH)
McGINN, SMITH & CO., INC., et al.,

                                    Defendants.
-------------------------------------------------------------

### MEMORANDUM-DECISION AND ORDER

Defendant, Timothy M. McGinn, previously moved for an order releasing certain property from the asset freeze ordered in this case with such property to be sold and the funds generated used to pay attorneys feeds in a related criminal action. Dkt. No. 439. In a decision dated April 4, 2012, the motion was granted in large part.  Dkt. No. 478; see also S.E.C. v. McGinn, No. 10-CV-457 (GLS/DRH), 2012 WL 1142516 (N.D.N.Y. April 4, 2012). The Decision and Order further provided that counsel for Defendant McGinn may apply, ex parte and in camera for the payment of attorney's fees and costs in accordance with the procedures for the award of costs and fees under 42 U.S.C. § 1988, with such application to be filed in the docket of this case under seal.  Dkt. No. 501.

On November 6, 2012 the attorneys for Defendant Timothy M. McGinn submitted their First Application for Attorney's Fees and Costs under seal for this Court's in camera review with respect to his criminal case, United States v. McGinn et. al., No. 12-CR-28 (DNH).

### I. Background

Familiarity is assumed with the prior decisions and proceedings in this action.

## II. Attorney's Fees

Notwithstanding the parties' agreement regarding attorney's fees and costs, the Court must determine whether the fees requested are reasonable. Salazar-Martinez v. Fowler Bros., Inc., No. 10-CV-6257, 2012 WL 4062582, at *1 (W.D.N.Y. Sept. 14, 2012). The Second Circuit has held that "the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a presumptively reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (internal quotation marks omitted). The reasonable hourly rate is, generally, the hourly rate charged by attorneys in the district in which the litigation is brought. Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).

The Court has reviewed the contemporaneous time records of the attorneys involved in this matter, and their hourly rates, and finds that the hours expended and hourly billing rates, are reasonable for a case of this complexity.

## III. Conclusion

For the reasons stated above, it is hereby:

1. **ORDERED**, that E. Stewart Jones PLLC's First Application for partial compensation for legal services rendered between August 3, 2012 and November 6, 2012 in the amount of $ 28,601.93 is approved; and

2. **ORDERED**, that the application of E. Stewart Jones PLLC for reimbursement of costs in the amount of $ 12,313.73 is approved; and

3. **ORDERED**, that in the event additional income is generated by the liquidation of Mr.

McGinn's assets, E. Stewart Jones PLLC may make further applications as deemed appropriate.

**SO ORDERED**.

Dated:  November 13, 2012
         Albany, NY

Christian F. Hummel
U.S. Magistrate Judge