UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION  :
                                    :
                  *Plaintiff,*      :
                                    :   Case No. 1:10-CV-457
            vs.                     :   (GLS/DRH)
                                    :
McGINN, SMITH & CO., INC.,          :
McGINN, SMITH ADVISORS, LLC               :
McGINN, SMITH CAPITAL HOLDINGS CORP., :
FIRST ADVISORY INCOME NOTES, LLC,   :
FIRST EXCELSIOR INCOME NOTES, LLC,  :
FIRST INDEPENDENT INCOME NOTES, LLC,  :
THIRD ALBANY INCOME NOTES, LLC,     :
TIMOTHY M. McGINN, AND              :
DAVID L. SMITH, GEOFFREY R. SMITH,  :
Individually and as Trustee of the David L. and  :
Lynn A. Smith Irrevocable Trust U/A 8/04/04,  :
LAUREN T. SMITH, and NANCY McGINN,  :
                                    :
                  *Defendants,*     :
                                    :
LYNN A. SMITH and                   :
NANCY McGINN,                       :
                                    :
            *Relief Defendants. and* :
                                    :
GEOFFREY R. SMITH, Trustee of the   :
David L. and Lynn A. Smith Irrevocable  :
Trust U/A 8/04/04,                  :
                                    :
                  *Intervenor.*     :
-------------------------------------------------------------x

## FIFTH INTERIM APPLICATION OF PHILLIPS LYTLE LLP
## AND THE RECEIVER FOR ALLOWANCE OF
## <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

Phillips Lytle LLP ("Phillips Lytle") submits this application ("Fee Application")

for allowance of interim compensation and reimbursement of expenses pursuant to Section XIV

of this Court's Preliminary Injunction Order (Docket No. 96).  Attached as **Exhibit A** is the

Declaration of William J. Brown, Esq. in support of the Fee Application.  Phillips Lytle respectfully represents as follows:

## INTRODUCTION

      1.      The Securities and Exchange Commission ("SEC") commenced an action against McGinn Smith & Co., Inc., et al. in the United States District Court for the Northern District of New York on April 20, 2010 wherein William J. Brown, Esq. was appointed as temporary Receiver for certain of the defendants and other entities in the action ("Receiver") (Docket No. 5).  The SEC's Complaint was subsequently amended (Docket No. 100 on August 3, 2011 and Docket No. 334 on June 8, 2011), and the Preliminary Injunction Order was entered on July 22, 2010 appointing William J. Brown as the permanent Receiver.

      2.      During the period from May 1, 2012 to December 31, 2012 ("Fifth Interim Period"), Phillips Lytle performed extensive legal services for the Receiver, and the Receiver performed extensive non-legal or quasi-legal functions, which are each more particularly described below and itemized in the detailed time and disbursement records attached as **Exhibit B**.

      3.      As a public service discount, the legal fees incurred in this case are being performed with a current 7.5% discount on the hourly rates of Phillips Lytle pursuant to a prior agreement with the SEC.  Similarly, the Receiver's hourly rate for this engagement is $225 per hour rather than his 2012 hourly rate of $440 per hour, again per prior agreement with the SEC.

      4.      As a result, legal services at full value in this Fifth Interim Period total $175,338.00, while the amount to be paid less the 7.5% discount if this Application is approved is $162,187.65.  The Receiver's services at full value of $440 per hour in this Second Interim Period total $36,740.00, while the amount to be paid if this Application is granted are $27,607.50

at $225 per hour.  This makes the total amount sought pursuant to this Application to be $189,795.15 in fees and $13,432.20 in disbursements.

## CASE STATUS

5.      As of September 6, 2013, there is $14,882,079 on hand in Receiver accounts consisting of $11,300,273 from operations of Receiver businesses and recoveries of claims, investments, sales of businesses and other sources, and $3,581,805 representing proceeds held pursuant to Orders of the Court respecting the Smith Trust, Lynn Smith, and proceeds of the Smith's Vero Beach property.  All post-Receiver obligations are current and paid on a current basis other than the amounts sought in professional fee applications.  The monies on account in the Receiver's accounts are unencumbered other than for the claims of ownership by the Smith Trust and Lynn Smith to the $3,581,805.  When this estate was commenced in April 2010, there was $485,491.63 on hand.

6.      Currently, the investor and creditor claims bar date and the equity claims bar dates have passed following the successful administration of claims notice procedures.  This case cannot be closed at least until the SEC claims against David L. Smith, Lynn Smith, the Smith Trust and Timothy McGinn are resolved by civil trial or other resolution pursuant to Court Order.

7.      There are approximately $124,123,595 in investor claims, some of which will be subject to objection or various grounds.  If the objections are sustained, net claims appear to be in the range of $100,506,405 subject to final Court approval.  At present, it appears likely that additional collections will be in the range of $9 to $10 million, although they remain subject to negotiations and contingencies.

8.     The SEC's Standard Fund Accounting Reports are attached to this Application as **Exhibit C**.

## COMPENSATION FOR LEGAL SERVICES

9.     The legal services rendered by Phillips Lytle during the Fifth Interim Period have been categorized into twenty-two (23) separate categories (Categories A through W), as described below:

A.     Asset Analysis and Recovery

No services were charged to or rendered by Phillips Lytle in Category A during the Fifth Interim Period.

B.     Claims Administration and Objections

Category B relates to the implementation of a claims process for all investors and creditors including multiple internal conferences with staff regarding protocol for investor calls and receipt of investor claims; extensive communication with investors regarding claims process; review and recording of numerous investor claims received and consideration of post-bar date claims received; consideration of equity claims procedure and equity claims bar dates; draft, revise and file equity claims motion documents for subsequent hearing on same; attend to preparation of publication notices for equity claims process; prepare, revise and send access letter to equity claim holders; attend to ongoing review and updating of McGinn Smith Receiver's website.

In rendering the services in Category B, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $26,688.50, plus $6,127.90 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 35.50 | 440.00 | 15,620.00 |
| Joshua P. Fleury | 2.80 | 215.00 | 602.00 |
| Karen A. Kawczynski (P) | 0.20 | 145.00 | 29.00 |
| Jourdan L. Stevenson (P) | 82.40 | 125.00 | 10,300.00 |
| Michael G. Sabato (P) | 1.10 | 125.00 | 137.50 |

C.      Asset Disposition

Category C relates to the significant time spent in the disposition during the Application Period primarily with respect to Alarm Traders, White Glove Cruises, the Florida triple play assets, and Seton Hall all of which have resulted in successful dispositions resulting in more than $3,743,218 in proceeds for the estate.  Additional time was spent attempting to dispose of the Receiver's interest in another triple play business and in Verifier.

The Alarm Traders sale was the result of a long process initially commencing with a stalking horse bid from an entity controlled by two executives who were then running the business under the Receiver's supervision, the negotiation and preparation of their Asset Purchase Agreement and related loan and security documentation, the establishment of safeguards to protect the integrity of the process, negotiations with multiple parties concerning competing offers, the structuring of same, an auction for the same and the resulting superior $2,250,000 bid and closing including negotiation of closing arrangements and documents.

With respect to the Florida triple play assets, extensive negotiations with HControl ensued including questions regarding the extent of releases given an overlap of personnel with the McGinn Smith estates and the substantial time during which HControl

operated the businesses.  The HControl sale was further complicated by negotiations with Shoma Group which held a minority interest almost unbeknownst to the McGinn Smith estates in the triple play operations.  The sale has closed with a gross sale value of $2,000,000.

The White Glove sale was the second attempt at a sale of this business and involved negotiations and follow-up with a substantial Caribbean company regarding the sale, the finalizations of an Asset Purchase Agreement, and the preparation of a Motion to approve same.  The sale has closed with a net sale value of $463,468.

The Seton Hall sale involved the surrender of a ground leased to a partially occupied medical office building requiring substantial maintenance.  The sale has closed with a gross sale value to the estate of $70,000 plus the value of collected net rents and the forgiveness of certain other obligations including unpaid real property taxes of approximately $372,000, much of which pre-dated the Receivership.

In rendering the services in Category C, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $52,715.50, plus $537.15 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 113.0 | 440.00 | 49,720.00 |
| Gary F. Kotaska | 8.80 | 315.34 | 2,775.00 |
| James J. Contino | 0.30 | 385.00 | 115.50 |
| David J. Murray | 0.20 | 380.00 | 76.00 |
| Karen A. Kawczynski (P) | 0.20 | 145.00 | 29.00 |

D.      Business Operations

No services were charged to or rendered by Phillips Lytle in Category D during the Fifth Interim Period.

E.        Case Administration

Category E is a "catch all" category consisting of services performed by Phillips Lytle in connection with this action and primarily consists of services performed which do not fit within one of the other 22 specific categories.

During this time period, this category consists of essentially all of the day-to-day work for the Receiver and his professionals and the handling of the legal affairs of the 82 entities which were initially placed into Receivership by this Court's Preliminary Injunction Order (Docket No. 96).  The detailed descriptions attached include discussions regarding Upstate Imaging, California Seller of Travel, the Clifton Park Storage facility and record storage and disposition, disposition of surplus equipment legal issues, various contracts and business issues arising in the ordinary course of business of the operating businesses with third parties, matters relating to financial statement and insurance issues, dealing with third party lenders such as Full Circle, jurisdiction and venue for commencing claims, communications with the SEC and IRS, various legal inquiries and questions raised by the SEC concerning the Receivership estates and SFAR reports, coordinating with the United States Attorney's Office concerning records and information, coordinating and procedures for inspection and removal of personal property with Messrs. McGinn and Smith to comply with Court Orders, dealing with various FINRA proceedings, communications with Robert Haldeman on CMS/Coventry matter; dealing with 107th Associates and Benchmark Communications matters, 99 Pine Street lease matters, extensive communications with investors on legal questions, attendance to investor phone log, 74 State Street investors, and continued review and updating of McGinn Smith Receiver website.

In rendering the services in Category E, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $75,576.00, plus $572.79 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 139.30 | 440.00 | 61,292.00 |
| Sharon L. Wick | 0.80 | 340.00 | 272.00 |
| Todd A. Ritschdorff | 15.30 | 243.46 | 3,725.00 |
| Joshua P. Fleury | 31.40 | 215.00 | 6,751.00 |
| Karen A. Kawczynski (P) | 3.20 | 158.13 | 506.00 |
| Kristine D. Westphal (P) | 3.50 | 130.00 | 455.00 |
| Jourdan L. Stevenson (P) | 18.60 | 125.00 | 2,325.00 |
| Michael G. Sabato (P) | 2.00 | 125.00 | 250.00 |

F.     Employee Benefits/Pensions

Category F consists of services related to conferences and communications regarding 401K Plan terminations and issues.

In rendering the services in Category F, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $1,188.00, and no disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 2.70 | 440.00 | 1,188.00 |

G.     Fee/Employment Applications

Category G consists of services related to review, editing and preparation of Third and Fourth Interim Fee Applications of Phillips Lytle and statements of Chiampou Travis for filing of fee applications in addition to communications with SEC for review and consent to fee applications.

In rendering the services in Category G, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $4,092.00, plus $175.10 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 9.30 | 440.00 | 4,092.00 |

H.     Fee/Employment Objections

No services were charged to or rendered by Phillips Lytle in Category H during the Fifth Interim Period.

I.     Accounting/Auditing

No services were charged to or rendered by Phillips Lytle in Category I during the Fifth Interim Period.

J.     Business Analysis

No services were charged to or rendered by Phillips Lytle in Category J during the Fifth Interim Period.

K.     Corporate Finance

No services were charged to or rendered by Phillips Lytle in Category K during the Fifth Interim Period.

L.     Data Analysis

No services were charged to or rendered by Phillips Lytle in Category L during the Fifth Interim Period.

M.     Status Reports

No services were charged to or rendered by Phillips Lytle in Category M during the Fifth Interim Period.

N.      Litigation Consulting

No services were charged to or rendered by Phillips Lytle in Category N during the Fifth Interim Period.

O.      Forensic Accounting

No services were charged to or rendered by Phillips Lytle in Category O during the Fifth Interim Period.

P.      Tax Issues

Category P consists of services related to conversations with tax accountants for the Receivership estates concerning how to proceed with tax reviews, tax return preparation and certain financial statement issues.  A substantial amount of time in this category relates to the review and approval of a significant number of IRS and New York State tax returns, various other tax forms and dealing with tax and financial professionals on tax issues.

In rendering the services in Category P, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $2,948.00, plus $2.60 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| William J. Brown | 6.70 | 440.00 | 2,948.00 |

Q.      Valuation

No services were charged to or rendered by Phillips Lytle in Category Q during the Fifth Interim Period.

R.      William J. Brown, as Receiver Function

Category R consists of services related to the function of William J. Brown, as Receiver in his capacity as Receiver.  These services, per prior agreement with the SEC, are

rendered at $225 per hour.  Thus, while the accrued amount would otherwise be $36,740.00, the discounted amount to be paid is $27,607.50.  All of the Receiver's travel time is charged to this category and, thus, is at a substantially reduced rate.  Travel time is also charged at one-half of the total time travelled unless work associated with these estates is being conducted at that time.

   The daily time entries reveal the Receiver's almost daily involvement with the various Receiver entities identified in the various descriptions including for this Application Period frequent communications with investors to answer questions about assets recovered, claims process, asset distribution to creditors, questions regarding SIPC coverage and related items, weekly review, processing and approval of payments to vendors and other third parties for services rendered to Receiver operating companies prior to sale of each of those companies, review and authorization of payroll, review of communications from investors and SEC regarding various and ongoing matters, travel to 99 Pine Street for supervision of businesses, sale negotiations, Court appearances, auctions, closings, and related matters, dealing with business issues for White Glove Cruises, LLC and Benchmark Communications regarding financial performance including periodic telephone updates, review of bank statements and accounts, maintenance of website and updating of same, investigation into operating results at White Glove, dealing with Benchmark operational issues, dealings with the various banks at which operating entities of the Receivership estates maintain accounts, the review of checks and invoices for payment on a weekly basis for those various operating businesses, conferences with third parties regarding claims and related issues, the weekly review of payroll requests and substantiation for same, investor communications both by phone, in writing and e-mail, attending to various investor letters, dealing with business issues at Alarm Traders and Benchmark, dealing with press inquiries, dealing with the Clifton Park Storage facility issues and considering

how to preserve records and equipment and the cost thereof, identifying alternative storage opportunities, dealing with stop payment and official check requests to M&T Bank, and dealing with insurance issues regarding insurance policies and proper coverage.

In rendering the services in Category R, the Receiver expended the time represented below at the hourly rates represented below for a total value of $36,740.00, plus $5,956.99 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| William J. Brown | 122.70 | 440.00 | $36,740.00 (to be billed and paid at $27,607.50) |

S.    SEC vs. McGinn, Smith & Co., Inc., et al.

Category S consists of services related to legal involvement in the SEC's action against McGinn, Smith & Co., Inc. and other parties including review of pleadings, conferences regarding same, review of criminal dockets; dealing with Saratoga residence foreclosure matter; communications with SEC and other counsel regarding action, review of Court decisions, and attention to document request and production to Dreyer law firm.

In rendering the services in Category S, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $4,999.00, and no disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| William J. Brown | 9.60 | 440.00 | 4,224.00 |
| Todd A. Ritschdorff | 3.10 | 250.00 | 775.00 |

T.     W.J. Brown, as Receiver of McGinn Smith & Co., Inc. vs. Thomas E. Livingston

Category T consists of services related to the Receiver's action against Thomas Livingston for recovery of overpayments and unpaid reimbursements to the McGinn Smith entities for personal expenses.

In rendering the services in Category T, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $4.00, and no disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 0.10 | 440.00 | 44.00 |

U.     Sale of McGinn Niskayuna Property

No services were charged to or rendered by Phillips Lytle in Category U during the Fifth Interim Period.

V.     Sale of Smith Vero Beach Property

Category V consists of services related to cancellation of insurance matter/refund of insurance premium on sold Vero Beach property.

In rendering the services in Category V, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $440.00, plus $8.60 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Brown | 1.00 | 440.00 | 440.00 |

W.    <u>David L. & Lynn A. Smith Irrevocable Trust</u>

        Category W consists of services related to Trust Assets including continuous communications with Geoffrey Smith regarding Sacandaga camp mattes including insurance, property tax and utility bills and communications with Kinderhook Bank regarding same.

        In rendering the services in Category W, the following attorneys and paralegals at Phillips Lytle expended the time represented below at the hourly rates represented below for a total value of $6,687.00, plus $51.07 in disbursement expense:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| William J. Brown | 14.80 | 440.00 | 6,512.00 |
| Michael G. Sabato | 1.40 | 125.00 | 175.00 |

### REIMBURSEMENT OF EXPENSES

    10.    Photocopies made by Phillips Lytle are billed by Phillips Lytle at $.10 per page, which is based upon Phillips Lytle's costs.  Telefax charges are $1.00 per page for outgoing documents, with no charge for incoming documents.  Long distance telephone charges and overnight courier charges are billed at cost.  Overnight courier charges are incurred only when necessary as determined by either the Receiver or Phillips Lytle.  In addition, there are the usual disbursements of such items as long distance telephone charges, duplicating charges, and UPS charges for checks received and sent to Receivership businesses.

    11.    Phillips Lytle incurred out-of-pocket expenses for secretarial overtime in connection with this case.  These amounts have been written off and no claim for reimbursement of such expenses is being sought herein.

## PARTICULAR EXPENDITURES

12.     During the Fifth Interim Period, substantial charges were incurred for the legal publication of the Notice of Claims Bar Date and the mailing to investors of the Equity Claims access letter.

## CONCLUSION

13.     All of the services for which Phillips Lytle now seeks compensation were performed on behalf of the Receiver.  No services were performed by Phillips Lytle in any capacity other than as counsel to the Receiver.

14.     Phillips Lytle has provided the SEC with copies of Phillips Lytle's and the Receiver's billing statements attached as **Exhibit B**.  As of this date, Phillips Lytle and the Receiver do not believe that the SEC has any objection to the amounts sought by Phillips Lytle or the Receiver pursuant to this Fee Application.

15.     As the record in this action clearly indicates, Phillips Lytle has worked persistently and efficiently during the Fifth Interim Period to handle various issues for the Receiver, the resolution of which will, to varying degrees, enhance the fair and equitable distribution of the McGinn Smith Entities' proceeds to its creditors.  This action has mandated a considerable expenditure of Phillips Lytle resources.

16.     Based upon the foregoing, Phillips Lytle and the Receiver represent that they are entitled to the interim compensation and reimbursement of expenses sought herein.

17.     Phillips Lytle and the Receiver believe that this Fee Application substantially complies with the substantive requirements of the guidelines for fee applications adopted by the SEC.

## NOTICE

18.     Notice of this Fee Application is being served on the SEC and all parties who have filed a Notice of Appearance in this action.  Additionally, it has been posted on the Receiver's website (*www.mcginnsmithreceiver.com*) for all investors and creditors to see. Phillips Lytle and the Receiver submit that no other or further notice need be given.

WHEREFORE, Phillips Lytle and the Receiver respectfully request that this Court enter an order allowing and approving Phillips Lytle's and the Receiver's Application for (i) interim compensation in the amount of $189,795.15, and reimbursement of expenses in the amount of $13,432.20, for a total of $203,227.35 for the period of May 1, 2012 through December 31, 2012; and (ii) granting such other and further relief as is just and proper.

Dated:  September 13, 2013

PHILLIPS LYTLE  LLP


By   /s/ William J. Brown
              William J. Brown (Bar Roll #601330)
              Todd A. Ritschdorff  (Bar Roll #512601)
Attorneys for the Receiver
Omni Plaza
30 South Pearl Street
Albany, New York 12207
Telephone No. (518) 472-1224

and

3400 HSBC Center
Buffalo, New York 14203
Telephone No.:   (716) 847-8400

Doc #01-2694311.2

- 16 -