**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SECURITIES AND EXCHANGE COMMISSION,**

          **Plaintiff,**          1:10-cv-457
                                        (GLS/CFH)
          **v.**

**MCGINN, SMITH & CO., INC,**
**et al.**,

          **Defendants,**

**LYNN A. SMITH,** and **NANCY MCGINN,**

          **Relief Defendants,**
          and

**GEOFFREY R. SMITH,** Trustee of the David L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04, and **U.S. ATTORNEY'S OFFICE FOR ND/NY,**

          **Intervenors.**
_____

# **ORDER**

Currently before the court is, among other things, plaintiff Securities and Exchange Commission's (SEC) motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No.

708.) Defendants' response papers were to be filed on or before August 11, 2014. (Dkt. No. 776.) Despite the passage of the due date, defendants Timothy M. McGinn and Nancy McGinn have neither filed a response to the motion, nor notified the court of their intent to forego opposition to the motion, as is required by this District's Local Rules. *See* N.D.N.Y. L.R. 7.1(b)(3). In an abundance of caution, and particularly in light of Nancy McGinn's *pro se* status, the court will afford Timothy McGinn and Nancy McGinn a final extension of time either to respond to the pending motion for summary judgment or notify the court of his or her intent not to oppose the motion.

The local rules of this district provide that:

> [w]here a properly filed motion is unopposed and the [c]ourt determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

*Id.* While Timothy McGinn and Nancy McGinn's failure to properly oppose the motion does not assure that the motion will be granted, their failure is not without consequences. By opting not to submit a response, Timothy

McGinn and Nancy McGinn have left the facts set forth in the SEC's statement of material facts unchallenged. Courts in this district have not hesitated to enforce L.R. 7.1(a)(3) by deeming facts set forth in the moving party's statement of material facts as conceded.[1]

Therefore, the court will allow Timothy McGinn and Nancy McGinn **FOURTEEN (14) DAYS** from the filing of this Order to file a response to the SEC's motion or notify the court of his or her intent not to oppose the motion.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Timothy McGinn and Nancy McGinn either notify the court and opposing counsel of their intention not to respond to the SEC's motion or file their response(s) within **FOURTEEN (14) DAYS** of this Order's filing date; and it is further

**ORDERED** that if Timothy McGinn and/or Nancy McGinn file(s) a response, the SEC may file a reply within **SEVEN (7) DAYS** from the filing of the response(s); and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to

---

[1] "The [c]ourt shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y. R. 7.1(a)(3).

the parties in accordance with the local rules

**IT IS SO ORDERED.**

December 12, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court

4