UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                  *Plaintiff*,   1:10-cv-457 (GLS/CFH)

v.

McGINN SMITH & CO., INC.,
McGINN, SMITH ADVISORS, LLC,
McGINN, SMITH CAPITAL HOLDINGS CORP.,
FIRST ADVISORY INCOME NOTES, LLC,
FIRST EXCELSIOR INCOME NOTES, LLC,
FIRST INDEPENDENT INCOME NOTES, LLC,
THIRD ALBANY INCOME NOTES, LLC,
TIMOTHY M. McGINN,
DAVID L. SMITH,
LYNN A. SMITH,
GEOFFREY R. SMITH, Individually and as Trustee of the David
L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04,
LAUREN T. SMITH, and
NANCY McGINN,

                                  *Defendants*,

LYNN A. SMITH and
NANCY McGINN,

                               *Relief Defendants*,

GEOFFREY R. SMITH, Individually and as Trustee of the David
L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04,

                                 *Intervenors.*

## FINAL JUDGMENT AS TO DEFENDANT TIMOTHY M. McGINN

The Court, on February 17, 2015 and March 30, 2015, having issued Memorandum-Decision and Orders (Dkt. 807, 816) granting plaintiff Securities and Exchange Commission's motion for summary judgment on the First, Second, Third, Fourth, Sixth and Eighth Claims for

Relief as to defendant Timothy M. McGinn ("McGinn"); and it appearing that a Final Judgment against McGinn should enter:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that Defendant McGinn is permanently enjoined and restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant McGinn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant McGinn or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant McGinn is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant McGinn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant McGinn or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant McGinn is permanently restrained and enjoined from aiding and abetting any violation of Section 15(c)(1) of the Exchange Act and Rule 10b-3 promulgated thereunder [17 C.F.R. § 240.10b-3] by knowingly or recklessly providing substantial assistance to any broker or dealer (i)

that makes use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than commercial paper, bankers' acceptances, or commercial bills), or any security-based swap agreement by means of any manipulative, deceptive, or other fraudulent device, (ii) that makes use of the mails or any instrumentality of interstate commerce to effect any transaction in, or to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange of which it is a member, in connection with which such broker or dealer engages in any fraudulent, deceptive, or manipulative act or practice, or makes any fictional quotation, or (iii) that makes use of the mails or any instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security (except a government security) or commercial paper, bankers' acceptances, or commercial bills) in contravention of such rules and regulations as the Commission shall prescribe pursuant to such statue.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant McGinn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant McGinn or with anyone described in (a).

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant McGinn is permanently restrained and enjoined from violating Sections 206(1), 206(2) and 206(4) of the Investment Advisors Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)]

and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by the use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, (i) to employ any device, scheme, or artifice to defraud any client or prospective client, (ii) to engage in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client, or (iii) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant McGinn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant McGinn or with anyone described in (a).

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant McGinn is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant McGinn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant McGinn or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant McGinn is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that the Defendant McGinn is liable for disgorgement of $87,433,218, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount $11,668.132, for a total of $99,101,350. This liability for disgorgement and

prejudgment interest (and for postjudgment interest pursuant to 28 U.S.C. § 1961) shall be a joint and several liability of the Defendant McGinn and the Defendant David L. Smith. Defendant McGinn shall satisfy this obligation by paying $99,101,350 to William J. Brown, Esq., the Receiver appointed herein (the "Receiver"), within 14 days after entry of this Final Judgment.

By making this payment, Defendant McGinn relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant McGinn.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant McGinn shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that the transfer of real property located at 26 Port Huron Drive, Niskayuna, New York (the "Niskayuna Property"), from McGinn to the Defendant and Relief Defendant Nancy A. McGinn ("N. McGinn") in October 2009 is hereby declared to have been a fraudulent conveyance made by McGinn in violation of Section 276 of the New York Debtor and Creditor Law, and this transfer is hereby set aside. The Niskayuna Property was sold by the Receiver pursuant to an order of the Court dated February 11, 2011 (Dkt. 276). The Receiver is authorized to apply the proceeds of the sale of the Niskayuna Property that are in his possession to the Distribution Fund.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that the Receiver shall hold all payments received from the Defendant McGinn and from or with respect to other Defendants and Relief Defendants in this action. Any payments or recoveries delivered to the Receiver in satisfaction of the Final Judgments entered, together with the funds in the possession of the Receiver, shall be referred to as the Distribution Fund. The Receiver shall submit to the Court a proposed Plan of Distribution.

Any assets recovered by or under the control of the Receiver collected from the Defendant McGinn pursuant to the prior orders of this Court are deemed to be assets of the Distribution Fund effective upon the entry of this Final Judgment.

The Receiver is authorized to liquidate and monetize any assets recovered from or in connection with Defendant McGinn and to deposit the proceeds thereof in an appropriate account.

To the extent that further legal action is required to obtain custody over any assets of the Defendant McGinn, the Commission or the Receiver is authorized to file a motion in this action seeking relief pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules 5225 and/or 5227, or such other provision of law as may be appropriate, seeking to have such assets turned over to the Receiver.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, or other amounts due by Defendant McGinn under this Final Judgment or any other judgment, order, consent order, decree or

settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant McGinn of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED,** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:        Albany, New York
               June 25, 2015

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE
                                                   Gary L. Sharpe
                                                   Chief Judge

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.