UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                              *Plaintiff,*    1:10-cv-457 (GLS/CFH)

v.

McGINN SMITH & CO., INC.,
McGINN, SMITH ADVISORS, LLC,
McGINN, SMITH CAPITAL HOLDINGS CORP.,
FIRST ADVISORY INCOME NOTES, LLC,
FIRST EXCELSIOR INCOME NOTES, LLC,
FIRST INDEPENDENT INCOME NOTES, LLC,
THIRD ALBANY INCOME NOTES, LLC,
TIMOTHY M. McGINN,
DAVID L. SMITH,
LYNN A. SMITH,
GEOFFREY R. SMITH, Individually and as Trustee of the David
L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04,
LAUREN T. SMITH, and
NANCY McGINN,

                                              *Defendants,*

LYNN A. SMITH and
NANCY McGINN,

                                           *Relief Defendants,*

GEOFFREY R. SMITH, Individually and as Trustee of the David
L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04,

                                             *Intervenors.*

## FINAL JUDGMENT AS TO LYNN A. SMITH, LAUREN T. SMITH, GEOFFREY R. SMITH, AND NANCY MCGINN

The Court, on March 30, 2015, having issued a Memorandum-Decision and Order (Dkt. 816) granting plaintiff Securities and Exchange Commission's motion for summary judgment on the Eighth Claim for Relief as alleged in the Second Amended Complaint (Dkt. 334) as to

defendants Lynn A. Smith (L. Smith"), Geoffrey R. Smith ("G. Smith"), Lauren T. Smith (L.T. Smith) and Nancy McGinn ("N. McGinn"), and it appearing that a Final Judgment against L. Smith, G. Smith, L.T. Smith and N. McGinn should enter:

I.

**IT IS ORDERED, ADJUDGED, AND DECREED** that the following transfers, which were made in violation of § 276 of the New York Debtor and Creditor Law, are declared void and are hereby set aside:

1. The transfer in October 2009 by Defendant Timothy McGinn ("T. McGinn") of title to a house located at 26 Port Huron Drive, Niskayuna, New York (the "Niskayuna Property"), to Nancy McGinn; the Niskayuna Property was sold by the Receiver pursuant to an order of the Court dated February 11, 2011 (Dkt. 276);

2. The transfer in 2009 by David L. Smith ("D. Smith") and L. Smith of a house at 906 Orchid Point Way, Vero Beach, Florida (the "Vero Beach Property"), which had been held jointly, to L. Smith;

3. The transfer in 2009 by D. Smith and L. Smith of a joint checking account at Bank of America (the "BOA Account"), to L. Smith;

4. The transfer on or about July 9, 2010 by D. Smith and L. Smith from the David L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04 (the "Smith Trust"), account number RMR-069671, following the decision of the Court on July 7, 2010 which, among other things, vacated the asset freeze as to the Smith Trust, of $95,741 to the Dunn Law Firm;

5. The transfer by D. Smith and L. Smith on July 12, 2010 of $96,500 from the Smith Trust to G. Smith;

6. The transfer by D. Smith and L. Smith on or about July 12, 2010 of $83,000 from the Smith Trust to L.T. Smith;

7. The transfer by D. Smith and L. Smith on or about July 16, 2010 of $200,000 from the Smith Trust to G. Smith; and

8. The transfer by D. Smith and L. Smith on or about July 23, 2010 of $449,878 from the Smith Trust to L. Smith.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that L. Smith, as one of the transferors of the fraudulent transfers listed in Section I(2) through I(8) above, shall be jointly and severally liable, together with D. Smith, for the return all such fraudulently transferred assets, or their equivalent value, to the Receiver, subject to the offset in Section III below.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the following transferees identified in Section I above shall be jointly and severally liable with D. Smith and L. Smith for the return all assets fraudulently conveyed to them, or their equivalent value, to the Receiver, William J. Brown, Esq. (the "Receiver"), as follows:

1. G. Smith shall return the July 12, 2010 transfer to him of $96,500, and the July 16, 2010 transfer to him of $200,000.

2. L.T. Smith shall return the July 12, 2010 transfer to her of $83,000; and

3. L. Smith shall return the July 23, 2010 transfer to her of $449,878.

Offset for the Receiver's Sale of the Sacandaga Lake Property. In July 2010, L. Smith purported to transfer title to the Sacandaga Lake Property from herself to the Smith Trust in exchange for a total of $599,478. Of the $599,478 that was transferred to L. Smith, G. Smith transferred $75,000 to L. Smith from the funds he received from the Smith Trust, see Section I(5) above); and L.T. Smith transferred $75,000 to L. Smith from the funds she received from the Smith Trust, see Section I(6) above. The Receiver subsequently sold the Sacandaga Lake Property pursuant to the Court's Memorandum-Decision and Order dated November 22, 2013, Dkt. 647, and realized $474,751 in net proceeds after expenses. Accordingly, G. Smith's payment obligation under this Final Judgment shall be reduced by $75,000.00; L. T. Smith's payment obligation shall be reduced by $75,000.00; and L. Smith's payment obligation shall be reduced by $324,751.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver shall apply all proceeds of all payments and transfers to him pursuant to this Final Judgment, including the proceeds of the sale of the Sacandaga Lake Property, the Niskayuna Property and the Vero Beach Property, and the assets in the Smith Trust and the BOA Account, to the Distribution Fund for the benefit of the defrauded investors.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Albany, New York
June 25, 2015

_____
UNITED STATES DISTRICT JUDGE
Gary L. Sharpe
Chief Judge

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf— including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.