**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SECURITIES AND EXCHANGE
COMMISSION,**

                **Plaintiff,**

                v.

**MCGINN, SMITH & CO., INC.
et al.,**

                **Defendants.**

**1:10-cv-457
(GLS/CFH)**

_____

## **SUMMARY ORDER**

Pending is the fourth motion of William J. Brown, as Receiver, (hereinafter "the Receiver"), for an order disallowing certain claims and applying a preferential payment offset, (hereinafter "the Fourth Motion"). (Dkt. No. 1009.) Also pending is the Receiver's fifth motion for an order applying a preferential payment offset, (hereinafter "the Fifth Motion"). (Dkt. No. 1025.) For the reasons below, the motions are granted.

The preferential payment offset that the Receiver seeks with the Fourth Motion can be summarized as follows.[1]

Notwithstanding that most investors ceased receiving the interest

---

[1] The court assumes the parties' familiarity with the facts of this case and recites only those relevant for purposes of the instant motions.

payments that they were entitled to, the Receiver's due diligence discovered that a certain subset of Preferred Investors continued to receive full payments of interest on their Four Funds investments. For no legitimate reason, McGinn and Smith elevated the Preferred Investors to a "preferred" status and provided them with supplemental, "lulling" payments. It would be inequitable to permit the Preferred Investors to retain these Preferential Payments. Accordingly, the Receiver proposes to reduce the distributions made to the Preferred Investors on account of the Four Funds investments by the amount of Preferential Payments received on a dollar-for-dollar basis. Such a reduction would return the Preferred Investors to the position they would have otherwise occupied had they been treated like the majority of investors that McGinn and Smith defrauded.

(Dkt. No. 1010 at 1.) The Fourth Motion also seeks to disallow certain paper claims filed by these Preferred Investors—claims that are "exact duplicates of Receiver-granted claims," "vary in amount from Receiver-granted claims," and/or have "no basis for the Receiver to make a distribution." (*Id.* at 2.) The Receiver's rationale for the disallowance is that otherwise "the Preferred Investors who filed such paper claims would receive additional distributions to which they are not entitled[,] to the detriment of [other] investors." (*Id.*)

The Fisher Claimants[2] were the only Preferred Investors to respond

---

[2] The Fisher Claimants are Bradley Fisher, Burton Fisher (deceased), Joan Fisher (deceased), Jill Fisher, Bradley and Carol Fisher Revocable Trust, Jennifer Sack Revocable Trust, Jason Sack Revocable Trust, Michael Sack Revocable Trust, One City Center Associates,

2

to the Fourth Motion. (Dkt. No. 1019.) In sum, the Fisher Claimants' opposition to the Fourth Motion is that "the Receiver has failed to provide admissible evidence in support of his arguments." (*Id.* at 1.) That is, the Fisher Claimants argue that the Receiver "declined to provide any of the underlying documents relied on to support his claims relating to any alleged Preferential Payments" and "failed to provide any detail as to how he reached []his conclusion" regarding the "No Liability Claims" that the Receiver seeks to disallow. (*Id.* at 1, 2.)[3] Without this evidence, the Fisher Claimants argue, they are denied due process because they do not have an opportunity to properly object. (*Id.* at 12-13.) The Fisher Claimants conclude that the Fourth Motion should be denied "*until* the Receiver provides evidence in admissible form . . . that w[as] relied on in determining that Preferential Payments were made and identifies the specific reasoning the 'No Liability Claim[s]' should be disallowed." (*Id.* at 2-3 (emphasis added).)

    In his reply, the Receiver did just that. (Dkt. No. 1020.) The

---

Kimberly Fisher, and Kelsey Fisher. (Dkt. No. 1019 at 1 n.1.)

[3] The Fisher Claimants do not dispute the proposed disallowance, except for the "No Liability Claims." (Dkt. No. 1019 at 1 n.2.)

Receiver "submits that the records of the Preferential Payments, as reflected on updated [exhibits] attached to the [r]eply, are accurate, and the Preferential Payments made to the Fisher Claimants are evidenced by the documents submitted with the [Receiver's] [d]eclaration." (*Id.* at 3.) As for the No Liability Claims, the Receiver argues that they are the claims "[for] which there is no record in the books and records of [McGinn and Smith]," and "the Receiver cannot produce records that he does not have." (*Id.* at 10.)

The Receiver's reply seems to have comprehensively addressed the Fisher Claimants' concerns regarding the accuracy of the Receiver's calculations.[4] Indeed, the court assumes that the Receiver's reply satisfied the Fisher Claimants because they did not raise any issues after receiving it.[5] Moreover, the Fisher Claimants that are the subject of the Receiver's

---

[4] For example, the Receiver explains why there are no discrepancies between his accounting and the tax return of one of the Fisher Claimants. (Dkt. No. 1020 at 6-7.) The Receiver also acknowledged that he corrected an error (in the amount of $7,389.39) that was caused by the inadvertent deletion of a page, (*id.* at 4), as well as a duplication error of $5,718.00, (*id.* at 8).

[5] The court notes that, in a signed declaration under the penalty of perjury, counsel to the Receiver stated that before filing their response, the Fisher Claimants requested documentation as to only two specific claims and were provided a full explanation as to the determination of

4

Fifth Motion, which was filed over a month after the Receiver's reply, did not respond to the Fifth Motion. The Fisher Claimants asked and received, and thus the basis for their opposition to the Fourth Motion ceased to exist. Therefore the court grants the Fourth Motion.

With the Fifth Motion, the Receiver seeks an additional preferential payment offset as to two of the Fischer Claimants: One City Center Associates and Burton Fischer. (Dkt. No. 1025, Attach. 5 at 1.) As noted, no response was filed. After a review of its contents,[6] the court grants the Fifth Motion.

Accordingly, it is hereby

**ORDERED** that, upon the Fourth Motion of William J. Brown, as Receiver, for an order (a) disallowing Preferred Investor paper claims and

---

each of those amounts. (Dkt. No. 1020, Attach. 27 at 1; ¶¶ 1, 5.) "At no point before filing the[ir] [response] did the Fisher Claimants request evidence documenting each Preferential Payment made to the Fisher Claimants. Further, at no point before filing . . . did the Fisher Claimants request a more detailed accounting." (*Id.* ¶ 5.)

[6] The court notes that the Receiver totaled the Preferential Payments dated February 4, 2008 as $34,355.00. (Dkt. No. 1025, Attach. 5 at 5.) The correct total is $34,335.00. (*Id.*, Attach. 4 at 21.) However, the error is inconsequential, because in calculating the grand total—$206,432.50—the Receiver used the correct figure and added correctly. (*Id.*)

(b) applying Preferential Payment offset (Dkt. No. 1009); and notice of the Fourth Motion having been given to the Securities and Exchange Commission, each of Preferred Investor listed on Exhibits A-1, A-2, A-3, B-1, and B-2 to the Fourth Motion (Dkt. No. 1009, Attachs. 1-5), by first class mail, and all parties who have filed a Notice of Appearance in this action by ECF, and all creditors of the McGinn, Smith entities and other parties in interest via the Receiver's website, which notice is deemed good and sufficient notice; and the court having deemed that sufficient cause exists, the motion is **GRANTED**; and it is further

**ORDERED** that each of the paper claims listed on Exhibits A-1 through A-3 to the Fourth Motion (Dkt. No. 1009, Attachs. 1-3) is disallowed; and the rights of the Receiver to object on any other basis to the claims of all investors or claimants is expressly preserved; and it is further

**ORDERED** that the application of the Preferential Payment offset to reduce the distributions to Preferred Investors is approved as set forth on the updated Exhibits B-1 and B-2 to the Reply in support of the Fourth Motion (Dkt. No. 1020, Attachs. 1-2); and it is further

**ORDERED** that, upon the Fifth Motion of William J. Brown, as

Receiver, for an order applying Preferential Payment offset to certain Preferred Investor claims (Dkt. No. 1025); and notice of the Fifth Motion having been given to the Securities and Exchange Commission, each of One City Center Associates (OCC) and Burton Fisher by first class mail, and all parties who have filed a Notice of Appearance in this action by ECF, and all creditors of the McGinn, Smith entities and other parties in interest via the Receiver's website, which notice is deemed good and sufficient notice; and the court having deemed that sufficient cause exists, the motion is **GRANTED**; and it is further

**ORDERED** that the application of the Preferential Payment offset to reduce the distributions to OCC and Fisher is approved as set forth on Exhibits A and B to the Fifth Motion (Dkt. No. 1025, Attach. 2), and the rights of the Receiver to object on any other basis to the claims of all investors or claimants, including OCC and Fisher, are expressly preserved; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 6, 2019
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge