**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SECURITIES AND EXCHANGE
COMMISSION,**

              **Plaintiff,**

              v.

**MCGINN, SMITH & CO., INC.
et al.,**

              **Defendants.**
_____

**1:10-cv-457
(GLS/CFH)**

## SUMMARY ORDER

Pending is *pro se* defendant David L. Smith's motion "to modify asset freeze to allow the release of certain property," which he filed February 19, 2019. (Dkt. No. 1039 at 1 (CM/ECF-generated page number).)[1] Specifically, the motion seeks to unfreeze his interest in the McGinn Smith Incentive Savings Plan, his Individual Retirement Account (IRA), and the IRA of defendant Lynn A. Smith, his wife (collectively "the Retirement Assets"). (*Id.* at 2, 4 (CM/ECF-generated page numbers).) For the reasons argued in plaintiff Securities and Exchange Commission's (SEC)

---

[1] As a *pro se* litigant, the court must read David Smith's papers "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

brief in opposition, (Dkt. No. 1049 at 1-6), as well as Receiver William J. Brown's (hereinafter "the Receiver") joinder, (Dkt. No. 1050 at 1-8), David Smith's motion is denied.

Namely, the motion relies heavily on *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017) to argue that the Retirement Assets are exempt from disgorgement. (*See, e.g.*, Dkt. No. 1039 at 3-4, 11-12, 28-29.) But, as explained by the SEC, this argument is without merit. (Dkt. No. 1049 at 3-4.) The *Kokesh* court explicitly stated that "[n]othing in [it]s opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings or on whether courts have properly applied disgorgement principles in this context," as "[t]he sole question presented in th[e] case [wa]s whether disgorgement, as applied in SEC enforcement actions, is subject to [a particular statute of] limitations period." 137 S. Ct. at 1642 n.3. To the extent that David Smith tries to rely on state law exemptions, (*see, e.g.*, Dkt. No. 1039 at 18-23), he ignores that such exemptions may be disregarded in the enforcement of a disgorgement judgment. *See Sec. & Exch. Comm'n v. McGinn*, No. 10-CV-457, 2010 WL 11469814, at *2 (N.D.N.Y. Dec. 15, 2010) (explaining that "a [c]ourt has broad equitable powers to reach assets otherwise

protected by state law to satisfy disgorgement") (internal quotation marks and citations omitted); *see also* (Dkt. No. 1049 at 2-3).

In David Smith's reply,[2] he argues, regarding Lynn Smith's IRA, that "only the order of disgorgement . . . allows the court to use its discretion to penetrate the exemption for retirement accounts," and "[a] judgment as a result of [an] alleged fraudulent conveyance is a civil judgment that is not permitted to penetrate an IRA as in the case of a court ordered disgorgement." (Dkt. No. 1055 at 5.) This argument is rejected because it was raised for the first time in a reply, and the SEC and the Receiver have not had an opportunity to respond. *See Carpenter v. Mohawk Valley Cmty. Coll.*, 6:18-cv-1268, 2019 WL 3338845, at *1 (N.D.N.Y. July 25, 2019).[3]

---

[2] The court previously granted David Smith's request for leave to file a reply. (Dkt. No. 1053.)

[3] Without expressing any opinion as to this argument, the court notes the following. In David Smith's motion, contrary to his reply, he discusses Lynn Smith being subject to disgorgement. (Dkt. No. 1039 at 7 (referring to "[Lynn Smith]'s disgorgement order"), 16 (referring to "the amount of disgorgement that the Smiths have already made"), 24 (referring to "the disgorgement of Lynn Smith's assets").) The SEC cites a "[f]inal [j]udgment" as to Lynn Smith, (Dkt. No. 1049 at 4 (citing Dkt. No. 837 at 2-3)), but that judgment seemingly makes no mention of disgorgement, (Dkt. No. 837 at 1-5). Thus, it is unclear whether the SEC is correct that the judgment "ordered [Lynn Smith] to disgorge the funds that were transferred," (Dkt. No. 1049 at 5), especially because the citation given is to page numbers that do not exist, (*id.* (citing Dkt. No. 837

The denial is with leave to renew; the proper party—that is, Lynn Smith—may bring a motion regarding her IRA.

In making his motion, David Smith purports to act "as [an] appointed legal representative" for Lynn Smith. (Dkt. No. 1039 at 1 (CM/ECF-generated page number).) As the court noted in its Text Only Order of May 2, 2019, David Smith cannot, as a non-attorney, represent Lynn Smith. (Dkt. No. 1053.) Subsequently, she filed a letter stating that she "wish[ed] for [David Smith's] filings to be accepted directly on [her] behalf" and "wish[ed] the arguments presented to be accepted as pro se for [her]self." (Dkt. No. 1054.) As explained above, David Smith's motion is denied. Thus, to the extent that Lynn Smith brings the same motion on her own behalf, it is denied as well. As noted above, Lynn Smith is free to move for relief regarding her IRA on her own behalf.

Accordingly, it is hereby

**ORDERED** that David Smith's motion to modify asset freeze to allow

---

at 6-8)). However, the SEC also cites an earlier disgorgement order as to Lynn Smith. (Dkt. No. 1049 at 5 n.2 (citing Dkt. No. 398).) The Receiver's joinder does not clarify the issue. (Dkt. No. 1050 at 6 (noting "the L[ynn] Smith [j]udgment . . . ordered [her] to return certain fraudulently transferred assets or their equivalent value" but not explicitly mentioning relation, if any, to disgorgement).) Clearly, the court would benefit from full briefing on this issue, if and when it is properly raised.

the release of certain property (Dkt. No. 1039) is **DENIED**; and it is further

**ORDERED** that Lynn Smith's letter motion dated May 9, 2019 presenting the same arguments as David Smith's motion (Dkt. No. 1054) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

September 4, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge