UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                      1:10-cv-00457 (AMN/PJE)

McGINN, SMITH & CO., INC., McGINN, SMITH ADVISORS, LLC, McGINN, SMITH CAPITAL HOLDINGS CORP., FIRST ADVISORY INCOME NOTES, LLC, FIRST EXCELSIOR INCOME NOTES, LLC, FIRST INDEPENDENT INCOME NOTES, LLC, THIRD ALBANY INCOME NOTES, LLC, TIMOTHY M. McGINN, DAVID L. SMITH, LYNN A. SMITH, GEOFFREY R. SMITH, Trustee of the David L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04, GEOFFREY R. SMITH, LAUREN T. SMITH, and NANCY McGINN,

    Defendants,

and,

LYNN A. SMITH, and NANCY McGINN,

    Relief Defendants, and

GEOFFREY R. SMITH, Trustee of the David L. and Lynn A. Smith Irrevocable Trust U/A 8/04/04,

    Intervenor.

---

**FINAL JUDGMENT AS TO DEFENDANTS McGINN, SMITH & CO., INC.; McGINN, SMITH ADVISORS, LLC; McGINN, SMITH CAPITAL HOLDINGS CORP.; FIRST ADVISORY INCOME NOTES, LLC; FIRST EXCELSIOR INCOME NOTES, LLC; FIRST INDEPENDENT INCOME NOTES, LLC; and THIRD ALBANY INCOME NOTES, LLC**

    The United States Securities and Exchange Commission ("SEC"), having filed a Complaint on April 20, 2010, against, among others, Defendants McGinn, Smith & Co., Inc.; McGinn, Smith

1

Advisors, LLC; McGinn, Smith Capital Holdings Corp.; First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC (collectively, the "MS Entities"), alleging that the MS Entities and Defendants David L. Smith ("Smith") and Timothy M. McGinn ("McGinn") violated the federal securities laws;

The Court, on April 20, 2010, having entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (Dkt. No. 5) and, on July 22, 2010, having granted the Commission's motion for a preliminary injunction, entered the Preliminary Injunction Order (Dkt. No. 96) which, among other things, appointed William J. Brown as Receiver (the "Receiver") over the MS Entities pending the final disposition of this action;

The Court, having granted the SEC's motion for summary judgment against Smith and McGinn (Dkt. Nos. 807, 816) and, on June 25, 2015, entered Final Judgments as to Smith and McGinn (Dkt. Nos. 835, 836);

The Court, in a text order dated November 3, 2023, deferred entering final judgment for the MS Entities until the Receiver completes the fourth and final distribution to the victims;

The SEC, in a Status Report filed May 2, 2024, stated that the fourth and final distribution has been substantially completed (Dkt. No. 1257);

The MS Entities, having acknowledged service of the summons and Complaint, and the Receiver, who has authority to enter into this Final Consent Judgment ("Final Judgment") and bind the MS Entities, having executed the Consent of McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; McGinn, Smith Capital Holdings Corp.; First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC (the "Consent"), in which the MS Entities waive the entry of findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the SEC's Complaint (except as to jurisdiction, which are admitted), and waive any right of appeal from this Final Judgment as to McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; McGinn, Smith Capital Holdings Corp.; First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that Defendants McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; and McGinn, Smith Capital Holdings Corp. are permanently enjoined and restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (A) any investment strategy or investment in securities,

  (B) the prospects for success of any product or company,

  (C) the use of investor funds,

  (D) compensation to any person,

  (E) McGinn, Smith & Co., Inc.'s, McGinn, Smith Advisors, LLC's, and McGinn, Smith Capital Holdings Corp.'s qualifications to advise investors; or

  (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; and McGinn, Smith Capital Holdings Corp. officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; and McGinn, Smith Capital Holdings Corp. or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendants McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; and McGinn, Smith Capital Holdings Corp.; are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A)   any investment strategy or investment in securities,

(B)   the prospects for success of any product or company,

(C)   the use of investor funds,

(D)   compensation to any person,

(E)   McGinn, Smith & Co., Inc.'s, McGinn, Smith Advisors, LLC's, and McGinn, Smith Capital Holdings Corp.'s qualifications to advise investors; or

(F)   the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; and McGinn, Smith Capital Holdings Corp. officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; and McGinn, Smith Capital Holdings Corp. or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant McGinn, Smith & Co., Inc. is permanently restrained and enjoined from violating, directly or indirectly, Section 15(c)(1) of the Exchange Act [15 U.S.C. § 78o(c)(1)] and Rule 10b-3 promulgated thereunder [17 C.F.R. § 240.10b-3] by using the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security by means of any manipulative, deceptive, or other fraudulent device or contrivance by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) McGinn, Smith & Co., Inc.'s, qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) McGinn, Smith & Co., Inc.'s officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McGinn, Smith & Co., Inc. or with anyone described in (a).

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendants McGinn, Smith & Co., Inc. and McGinn, Smith Advisors, LLC, are permanently restrained and enjoined from violating Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by the use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, (i) to employ any device, scheme, or artifice to defraud any client or prospective client, (ii) to engage in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client, or (iii) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A)    any investment strategy or investment in securities,

    (B)    the prospects for success of any product or company,

    (C)    the use of client funds,

    (D)    compensation to any person,

    (E)    McGinn, Smith & Co., Inc.'s and McGinn, Smith Advisors, LLC's qualifications to advise clients; or

    (F)    the misappropriation of client funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) McGinn, Smith & Co., Inc.'s and McGinn, Smith Advisors, LLC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McGinn, Smith & Co., Inc. and McGinn, Smith Advisors, LLC or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendants First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC are permanently restrained and enjoined from violating Section 7(a) of the Investment Company Act of 1940 ("Company Act") [15 U.S.C. § 80a-7(a)] by, directly or indirectly:

(a) offering for sale, selling, or delivering after sale, by the use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is such investment company or another person; or offering for sale, selling, or delivering after sale any such security or interest, having reason to believe that such security or interest will be made the subject of a public offering by the use of the mails or any means or instrumentality of interstate commerce; or

(b) purchasing, redeeming, retiring, or otherwise acquiring or attempting to acquire, by the use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is such investment company or another person; or

(c) controlling any investment company which does any of the acts enumerated in (a) or (b) above; or

(d) engaging in any business in interstate commerce.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the First Advisory Income Notes, LLC's; First Excelsior Income Notes, LLC's; First Independent Income Notes, LLC's; and Third Albany Income Notes, LLC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendants McGinn, Smith & Co., Inc.; McGinn, Smith Capital Holdings Corp.; First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of

any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) McGinn, Smith & Co., Inc.'s; McGinn, Smith Capital Holdings Corp.'s; First Advisory Income Notes, LLC's; First Excelsior Income Notes, LLC's; First Independent Income Notes, LLC's; and Third Albany Income Notes, LLC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McGinn, Smith & Co., Inc.; McGinn, Smith Capital Holdings Corp.; First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC or with anyone described in (a).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendants McGinn, Smith & Co., Inc.; McGinn, Smith Advisors, LLC; McGinn, Smith Capital Holdings Corp.; First Advisory Income Notes, LLC; First Excelsior Income Notes, LLC; First Independent Income Notes, LLC; and Third Albany Income Notes, LLC are jointly and severally liable for disgorgement of $37,962,936, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, plus prejudgment interest of $6,210,093.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: September 11, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge